UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Draft 1

------------------------------------------------------------x

RACANELLI CONSTRUCTION CO., INC.,

                               Plaintiff,

      - against -

RACANELLI CONSTRUCTION GROUP, INC.
and RICHARD XIA,

                          Defendants.

------------------------------------------------------------x

15 CV 04279

**NOTICE OF REMOVAL** JUDGE COTE

Case No.:

 

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) and 1446, the above-captioned action is removed by Defendants Racanelli Construction Group, Inc. and Richard Xia ("Defendants") from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Southern District of New York, by the filing of this Notice of Removal with the Clerk of the United States District Court for the Southern District of New York.

Defendants, by and through their undersigned attorneys, respectfully state the following as grounds for removal of this action:

1.     This action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

2.     On April 29, 2015, Plaintiff filed an action in the Supreme Court of the State of New York, County of New York, entitled Racanelli Construction Co., Inc. v. Racanelli Construction Group Inc. and Richard Xia, Index No. 604507/2015 (the "State Court Action").

3.      In its Complaint, in the State Court Action, Plaintiff attempts to state causes of action for violation of Section 43(a), 15 U.S.C. § 1125(a), of the Lanham Act (First Cause of Action).

4.      Plaintiff seeks, among other relief, attorneys' fees, costs and expenses.

5.      This action is removable pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, in that the Complaint alleges violations of the Lanham Act, 15 U.S.C. § 1125(a).

6.      This Court may exercise supplemental jurisdiction over the additional state law claims under 28 U.S.C. § 1367.

7.      Consequently, this action is removable to federal court because there is federal jurisdiction under 28 U.S.C. § 1331.

8.      Copies of the Summons and Complaint in the State Court Action - which are the only "process, pleadings and orders" served upon Defendants in the State Court Action, *see* 28 U.S.C. § 1446(a) are attached herein as **Exhibit A.**

9.      This Notice of Removal is filed within thirty days after the Summons and Complaint in the State Court Action were served on any of the Defendants and therefore is timely filed pursuant to 28 U.S.C. § 1446(b). Plaintiff's affidavits of service are attached herein as **Exhibit B.**

10.      Written Notice of the filing of this notice will be given to Plaintiff and together with a copy  of the Notice of Removal, will be filed with the Clerk of the Supreme Court of the State of New York, County of Suffolk, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Racanelli Construction Group, Inc. and Richard Xia,

remove the State Court Action from the Supreme Court of the State of New York, County

of Suffolk, to this Court, and pray that this Court take jurisdiction of this civil action to

the exclusion of any further proceedings in said state court.

Dated:  June 3, 2015                                    Yours, etc.
   New York, New York

         MICHAEL J. KAPIN, P.C.
         *Attorneys for Defendants*

         BY: MICHAEL J. KAPIN, ESQ. (MK1234)
         305 Broadway, Suite 1004
         New York, NY 10007
         (212) 513-0500


To:

FORCHELLI, CURTO, DEEGAN,
SCHWARTZ, MIENO & TERRANA, LLP
Joseph P. Asselta, Esq.
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553

# EXHIBIT A

FILED: SUFFOLK COUNTY CLERK 04/29/2015 09:34 AM

NYSCEF DOC. NO. 1

INDEX NO. 604507/2015

RECEIVED NYSCEF: 04/29/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------------------X

RACANELLI CONSTRUCTION CO., INC.,

                  Plaintiff,

     - against -

RACANELLI CONSTRUCTION GROUP INC. and
RICHARD XIA,

                Defendants,

--------------------------------------------------------------------------X

Index No.
Date Purchased:

SUMMONS

Plaintiff designates Suffolk
County as the place of trial.

The basis of venue is the
residence of the Plaintiff.

To the above-named Defendants:

     YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and
to serve a copy of your answer, or if the complaint is not served with this summons, to serve a
notice of appearance on plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Uniondale, New York
      April 28, 2015

                           _____

                           Joseph P. Asselta, Esq.
                           FORCHELLI, CURTO, DEEGAN,
                           SCHWARTZ, MINEO & TERRANA, LLP
                           Attorneys for Plaintiff,
                           Racanelli Construction Co., Inc.
                           333 Earle Ovington Blvd., Suite 1010
                           Uniondale, NY 11553
                           (516) 248-1700

Defendants' Addresses:

RACANELLI CONSTRUCTION GROUP INC.
155 Sandal Wood Avenue,
Hamilton, NJ 08619

RICHARD XIA
155 Sandal Wood Avenue,
Hamilton, NJ 08619

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X

RACANELLI CONSTRUCTION CO, INC.,                    Index No.

                              Plaintiff,            VERIFIED COMPLAINT

        - against -

RACANELLI CONSTRUCTION GROUP INC.,
and RICHARD XIA,

                              Defendants.

------------------------------------------------------------------X

      Plaintiff, Racanelli Construction Co., Inc., by its attorneys, Forchelli, Curto, Deegan,

Schwartz, Mineo & Terrana, LLP, as and for its verified complaint, alleges as follows:

      1.     At all times hereinafter mentioned, plaintiff, Racanelli Construction Co., Inc.

("Racanelli"), was and is a domestic corporation organized and existing under the laws of the

State of New York since December 23, 1992, with its principal place of business located 1895

Walt Whitman Road, Suite 1, Melville, NY 11747.

      2.     Upon information and belief, defendant, Racanelli Construction Group Inc.

("RCG"), is a domestic corporation duly organized and existing under the laws of the State of

New York since June 21, 2011, with a place of business located at 155 Sandal Wood Avenue,

Hamilton, New Jersey 08619.

      3.     Upon information and belief, defendant, Richard Xia ("Xia"), was and is the

President of RCG (RCG and Xia shall be referred to collectively as, the "Defendants".)

<u>BACKGROUND</u>

      4.     Racanelli is a third generation family-owned entity that has been conducting

business under the trade name of Racanelli Construction Co., Inc. for approximately twenty-

three (23) years.

5.     Racanelli is engaged in the business of commercial development, general construction and construction management and conducts extensive business in Long Island, the City of New York and State of New Jersey.

6.     Prior to Racanelli's incorporation in 1992, the Racanelli family had been developing construction projects on Long Island for nearly sixty (60) years.

7.     Needless to say, the business established by Racanelli has been and now is well-known and extensive, with loyal customers throughout Suffolk and Nassau Counties, the City of New York and the State of New Jersey.

8.     The services offered by Racanelli have been and are well and favorably known throughout Suffolk and Nassau Counties, the City of New York and the State of New Jersey, and Racanelli has expended substantial resources to advertise, solicit, and promote its business, including, inter alia, internet marketing and publications in industry and trade journals and literature, and has built up substantial good will and reputation.

9.     Racanelli is and has long been one of the most prestigious construction companies on Long Island and has developed over 1,250 acres of property, constructed over 300 buildings, occupying in excess of thirteen (13) million square feet.

10.     Based upon Racanelli's extraordinary name recognition, reputation and services, owners, developers, contractors, subcontractors and suppliers have recognized the excellent quality and construction services provided by Racanelli.

11.     By reason of the matters set forth herein, Racanelli's trade name has become valuable, well and favorably known to the trade, industry and the public, and said name has become the means by which Racanelli's services are identified by the trade, industry and public and distinguished from the business services, and goods of others, and the name Racanelli has

come to symbolize valuable good will which Racanelli enjoys.

12.     Since 1992, Racanelli has been actively conducting business under the trade name Racanelli Construction Co., Inc., including, but not limited to, the open display, use and publication of its trade name in all business signs, signs, stationery and advertising, including, inter alia, internet marketing, and literature in connection with the construction services offered to the general public.

13.     The Defendants recently, but at precise times unknown to Racanelli, have improperly assumed, utilized, displayed, and disseminated Racanelli's protected trade name.

14.     On or about June 21, 2011, Defendants registered the entity Racanelli Construction Group Inc. with the New York State Secretary of State.

15.     Upon information and belief, the Defendants also engage in the business of commercial general construction and construction management in the City of New York, State of New Jersey and Long Island region and conduct business that is substantially the same as Racanelli.

16.     Upon information and belief, the Defendants recently, but at precise times unknown to Racanelli, began to display, advertise promote, and sell its construction services using the name "Racanelli Construction".  Specifically, Defendants have infringed upon Racanelli's right to the sole and exclusive use of the name Racanelli Construction by, inter alia:

> a)   Publicly using, advertising, and promoting the name "Racanelli Construction" in and on its posted signs, billboards, bids, solicitations and other openly displayed messages; and
>
> b)   Publicly using, advertising, and promoting the name "Racanelli Construction" in its promotional advertising, internet marketing, and announcements, including, but not limited to bids, solicitations, correspondence and literature;

3

and

c)  Openly using, advertising, and promoting the name "Racanelli Construction"

in its corporate documents, literature, letterhead, telephone listings, brochures,

and other mediums of public dissemination; and

d)  Placing or causing to be placed, advertisements in various widely circulated

and widely read newspapers, bulletins, journals, newsletters, industry

publications, magazines, and flyers using the name "Racanelli Construction"

in conjunction with its business sold to the general public in a form employed

by the Racanelli for many years.

AS AND FOR A FIRST CAUSE OF ACTION
(Infringement of Plaintiffs' Protected Trade Name
and Mark in Violation of §43(a) of the Lanham Act)

17.    Racanelli repeats and realleges each and every allegation contained in the

foregoing paragraphs as though more fully set forth at length herein.

18.    Since in or before 1992, Racanelli has been actively conducting business with

the trade name "Racanelli Construction Co., Inc." including, but not limited to, the open

display, use, and publication of the protected Racanelli Construction Co., Inc. mark in all

business signs, stationery, advertising, bids, solicitations and correspondence including, inter

alia, internet marketing, industry and trade journals and literature in connection with its

construction projects and related services sold to the general public.

19.    Since in or before 1992, Racanelli has used the distinctive name and mark of

Racanelli Construction Co., Inc. and Racanelli continues to use it, which is characteristic of its

existence and purposes.

20.    Racanelli's name, "Racanelli Construction Co., Inc." has been extensively used

over the decades, the same being reflected in all corporate data as aforesaid, all of which has

4

been definitely associated in the minds of the public with Racanelli's purposes, and which has become recognized and well-known throughout Long Island, the City of New York and the State of New Jersey.

21.     By reason of Racanelli's use of said trade name and mark, said trade name and mark has become and are now well and favorably known throughout Long Island, the City of New York and New Jersey, as identifying Racanelli.  Racanelli has built up an extensive business by reason of the good will and reputation attaching thereto, and has acquired common law trademark rights therein, and the exclusive right to the use thereof.

22.     Racanelli has continually expended substantial sums of money in advertising, promoting, solicitations, bids, publicizing and broadcasting, including, inter alia, internet marketing the name Racanelli Construction Co., Inc. as representing Racanelli's corporate business, products, and services.  Racanelli advertises, solicits and conducts business regularly in Long Island, the City of New York and New Jersey, and has for many years openly and actively promoted its trade name and mark.

23.     The name Racanelli Construction when commonly used in the limited field in which the Racanelli and, upon information and belief, the Defendants are active in business of general construction and construction management services offered to the general public, has acquired a secondary meaning as signifying Racanelli and none other.

24.     Racanelli has achieved and sustained significant and substantial success operating as and under the trade name and mark of Racanelli Construction Co., Inc.

25.     Racanelli has operated and conducted business exclusively under the trade name and mark of Racanelli Construction Co., Inc.

26.     The Defendants' use and misappropriation of Racanelli's trade name and

mark does not distinguish the services offered and businesses operated by the Defendants from those that are offered and operated by Racanelli.

27.     The fields of principal operation of the Defendants and Racanelli are identical and/or substantially similar.

28.     That the name selected by Defendants, to wit:  Racanelli Construction Group Inc. and the adoption and use by the Defendants of the word "Racanelli Construction" in its corporate name, has misled and will continue to mislead the public, which has identified and will continue to identify the business of the Defendants as the activities of Racanelli, and more particularly will mislead, confuse and deceive those patrons of Racanelli who are or intend to become patrons to Racanelli, all of which constitutes an unfair and unlawful competition as against Racanelli.

29.     Upon information and belief, that at the time of the incorporation of RCG, the Defendants were aware of and knew or should have known the fact that Racanelli had theretofore and was continuing in and conducting the business hereinbefore mentioned under the name of "Racanelli Construction Co., Inc." and that the said name, mark and identification have been known to the public as Racanelli in connection with and to identify their business name it presently uses.

30.     To date, large numbers of the general public and professionals involved in the construction industry have been confused and deceived by the said wrongful acts of the Defendants into the belief that said Defendants' business is a part of or authorized by Racanelli and that the services to be rendered to such public would be of an identical quality in conformity with Racanelli's reputation and good will.

31.     Defendants' activities described heretofore have caused and will continue to cause its business to be mistaken for the business, services, and good will of Racanelli, have

6

caused and will continue to cause confusion between Racanelli's business, services, and good will and those of the Defendants, and have misled and will mislead the trade and the public into the false belief that Racanelli and Defendants are affiliated or that Defendants' business and services have their source in Racanelli or are sponsored by Racanelli or are associated with Racanelli in the course of trade.

32.     That Defendants' use of the name "Racanelli Construction" occurred and is occurring without the consent, authority, or permission of Racanelli, and constitutes the unlawful use by the Defendants in commerce of Racanelli's said name and mark "Racanelli Construction Co., Inc." or colorable imitations thereof, in connection with Racanelli's business.

33.     Racanelli has demanded that Defendants cease and desist from its misuse of Racanelli's name and mark or any colorable imitations thereof, in connection with Defendants' business and the Defendants has refused and/or failed to comply with said demand.

34.     By reason of the foregoing Racanelli has suffered significant damages not fully measureable in monetary terms and will continue to suffer such irreparable damage.

35.     As a result, Racanelli is entitled to an Order enjoining the Defendants' continued and wrongfully use of Racanelli's trade name and mark.

AS AND FOR A SECOND CAUSE OF ACTION
(Injury Business Reputation and Dilution in
Violation of, inter alia, General Business §360-L)

36.     Racanelli repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

37.     Racanelli has and will continue to lose control over the reputation and good will of its distinctive trade name and mark as a direct result of Defendants' wrongful acts.

7

38.    Defendants' aforesaid acts are likely to injure the business reputation of Racanelli and dilute the distinctive quality of Racanelli's trade name and mark in violation of New York General Business Law § 360-L or other applicable laws.

39.    Racanelli is being significantly damaged by Defendants' wrongful use of Racanelli's name and intellectual property and, unless Defendants are restrained by the Court, Racanelli will continue to be irreparably damaged with no adequate remedy at law.

40.    By reason of the foregoing Racanelli has suffered significant damage not fully measurable in money terms and will continue to suffer such irreparable damage

41.    As a result, Racanelli is entitled to an Order enjoining the Defendants' continued and wrongfully use of Racanelli's trade name and mark.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unfair Business Competition)

42.    Racanelli repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

43.    Racanelli's protected trade name "Racanelli Construction Co., Inc." was adopted by Racanelli in or about at least 1992, and since that time has been in continuous use by Racanelli.

44.    Said trade name and mark is and has been used by Racanelli on a large variety of different representative, promotional, and advertising articles and products, including, inter alia, internet marketing and trade and industry journals and publications and have identified and now identify Racanelli and its business at the exclusion of all others.

45.    Racanelli has acquired a unique reputation which has become well known to the general public and trade as being of the very highest quality and dependability.   Racanelli has also acquired an enviable reputation amongst the general public and trade for substantial

8

and sound values and service to their customers. Racanelli is unique in the position of eminence they have attained and are considered by the public as an institution, their name synonymous with excellence and highest quality.

46.     Despite Racanelli's extensive use, promotion and continuation of its trade name and mark as herein alleged, Defendants, upon information and belief, adopted such trade name and mark in commerce with full knowledge of the public's acceptance of the fact that Racanelli Construction Co., Inc. is the trade name and mark in commerce of Racanelli, its business and services, and that said trade name and mark is associated with in the public mind with Racanelli and its business, and with full knowledge of the rights of Racanelli in and to said name and without any commercial necessity, legitimate reason or satisfactory explanation for such action.

47.     Upon information and belief, the use of the words "Racanelli Construction" by the Defendants is for the purpose of taking advantage of the reputation and the good will of Racanelli gained by the sustained excellence and character of Racanelli's services, and is for the purpose of deceiving, misleading, and confusing the public and leading those with whom the Defendants may deal, that Racanelli is in some way connected or affiliated with the Defendants and/or their services.

48.     Defendants have in the past, and continue to, infringe upon Racanelli's right to the sole and exclusive use of the name "Racanelli Construction" and Defendants' use of said name constitutes unfair competition and has created, and continues to create, a likelihood of confusion and deception on the part of the general public, and has led and continues to lead the public mistakenly to believe that the Defendants' business and services are in some way associated with Racanelli, that the Defendants' business and products are advertised, distributed, and sold under Racanelli's sponsorship and authority.

9

49.     Defendants thereby have traded and are now trading upon the good will created by the Racanelli, have infringed and are now infringing Racanelli's trade name and its service and/or trade mark, and have competed and are competing unfairly with Racanelli, all to Racanelli's detriment and damage.

50.     Such use has caused and is causing confusion and mistake and to deceive customers constitutes unfair competition and infringement of Racanelli's aforesaid trade name and mark in violation of the laws of the State of New York.

51.     The business of Racanelli has been and is being injured, diminished, and damaged by reason of the loss of good will, diminution of business reputation, dilution of the distinctive quality of their said name and mark, and expense incurred in efforts to distinguish the Racanelli's business, products and services from those of the Defendants, all caused by the aforesaid use by Defendants of Racanelli's trade name and mark and the above-mentioned acts of infringement and unfair competition.

52.     By reason of these facts and circumstance aforementioned, Racanelli has been and is now and hereafter hindered and unlawfully interfered with by the Defendants' use of the words "Racanelli Construction" and will be damaged by the diversion of their customers and trade name and that Racanelli will suffer great and irreparable loss and damage in money, good will and reputation.

53.     By reason of the foregoing, Defendants are causing and will continue to cause Racanelli irreparable damage unless restrained.

54.     Racanelli has no adequate remedy at law and its damages cannot be adequately compensated in money alone.

55.     As a result, Racanelli is entitled to an Order enjoining the Defendants' continued and wrongfully use of Racanelli's trade name and mark, as well as damages in a sum to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Use of Plaintiffs' Name With Intent to Deceive
in Violation of General Business Law §133)

56.     Racanelli repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

57.     Racanelli's protected trade name was adopted by Racanelli in or about at least 1992, and since that time has been in continuous use by Racanelli.

58.     Upon information and belief, the name selected by Defendants, to wit: Racanelli Construction Group Inc. and the adoption and use by the Defendants of the word "Racanelli Construction" in its corporate name, was selected with the intent to deceive the public and buyers and sellers in the field of their principal operations in order that Defendants be enabled to capitalize on the reputation and substantial good will created and owned by Racanelli.

59.     The words "Racanelli Construction" were inserted into the name of the Defendants for the purpose of deceiving, misleading, and imposing upon and confusing the customers and patrons of Racanelli and the public in general, and to obtain the benefit of Racanelli's trade, good will, and advertising and to induce the public to believe that the Defendants is in some way connected or affiliated with Racanelli.

60.     To date, large numbers of the general public and professionals involved in the construction industry have been confused and deceived by the said wrongful acts of Defendants into the belief that said Defendants' business is a part of or authorized by Racanelli and that the services to be rendered to such public would be of a superior quality in conformity with

11

Racanelli's reputation and good will.

61.     Prior to the commencement of this action, Racanelli made due demand upon the Defendants to cease such unlawful acts and desist from the use of said name "Racanelli Construction" as part of their corporate title, but Defendants has refused to do so, and now is continuing such use and threatens to do so in the future, as Racanelli is informed and verily believe.

62.     Racanelli has no adequate remedy at law and its damages cannot be adequately compensated in money alone.

63.     As a result, Racanelli is entitled to an Order enjoining the Defendants' continued and wrongfully use of Racanelli's trade name and mark, as well as damages in a sum to be determined at trial.

AS AND FOR A FIFTH CAUSE OF ACTION
(Infringement of Plaintiffs' Name With Intent to Deceive
in Violation of Business Corporation Law §301)

64.     Racanelli repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

65.     Prior to the commencement of this action, Racanelli made due demand upon the Defendants to cease such unlawful acts and desist from the use of said name "Racanelli Construction" as part of their corporate title, but Defendants have refused to do so, and now are continuing such use and threaten to do so in the future.

66.     Racanelli has no adequate remedy at law and its damages cannot be adequately compensated in money.

67.     As a result, Racanelli is entitled to an Order enjoining the Defendants' continued and wrongfully use of Racanelli's trade name and mark, as well as damages in a sum to be

determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Misappropriation and Misrepresentation Under New York Common Law)

68.     Racanelli repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

69.     Defendants have illegally and without authorization misappropriated the trademark, trade name, reputation and distinctive identity of Racanelli by having engaged in business with the public under the trademark belonging exclusively to Racanelli.

70.     This misappropriation on the part of the Defendants is in clear violation of the widely-recognized rule in the State of New York ". . . that the effort to profit from the . . . name and reputation of others. . ." constitutes unfair competition. Opera Ass'n v. Wagner-Nichols Recorder Corp., 199 Misc. 786, 101 NYS 2d. 483, (1950) aff'd 279 AD 632, 107 NYS 2d. 795.

71.     As Racanelli has expended substantial sums in obtaining and protecting their trademark, trade name, reputation and distinctive identity as well as in the establishment of their trademark with the public and since the Defendants willfully and without any authority from Racanelli appropriated and traded under the trademark belonging to Racanelli, and the Defendants have provided services to the public in competition with Racanelli to the direct injury of Racanelli, they are in violation of the common law of the State of New York.

72.     As a result of the foregoing, Racanelli has been damaged by the Defendants' acts in an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Violation of General Business Law § 349)

73.     Racanelli repeats and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

74.     The Defendants' use and appropriation of plaintiff's trade name and mark,

13

constitutes deceptive acts conduct and practices that are aimed at consumers and the public at large.

75.     Such deceptive acts, conduct and practices were and are designed and intended to, and did in fact, mislead consumers into the mistaken and erroneous belief that the services offered and the businesses operated by the Defendants, were connected with and/or related to and/or the same, as the services offered and the businesses operated by Racanelli, so that such consumers would transact business with the Defendants rather than with Racanelli.

76.     As a result of such deceptive acts, conduct and practices, Racanelli has been injured and damaged in an amount to be determine upon the trial of this action.

77.     As a result of the foregoing, Racanelli also entitled to recover treble damages and their attorney's fees pursuant to § 349(h) of the General Business Law.

WHEREFORE, the plaintiff, Racanelli Construction Co., Inc., demands judgment against defendants, Racanelli Construction Group Inc. and Richard Xia, as follows:

1)     that the Defendants, and their agents, servants, employees, and all persons acting under their authority or control, and each of them be forever and perpetually restrained, stayed, prohibited, and enjoined from using the words or phrase "Racanelli Construction" as part of their corporate names or in connection with its business either alone or in conjunction with other words, or any similar name or variation thereof in any way in connection with their businesses, including any advertisements, signs, notices, bids, solicitations or written matter serving to identify their businesses, products or services, and from using any name or word which may be calculated to cause Racanelli to be identified as being in some way as associated with their businesses; and

2)     that the Defendants and their agents, servants, and employees be required to obliterate, delete, and remove the said corporate name and the word or phrase

14

"Racanelli Construction" contained herein from the business offices, stationery, listings, telephone books, signs, advertising, including, inter alia, internet marketing and whosoever else the same may appear in connection with the said business; and

      3)     that the Defendants and their agents, servants, and employees be forever restrained from in any manner making representations likely or tending to lead the public into the belief that the business being conducted by the Defendants is the business of Racanelli or is in any way affiliated or connected therewith; and

      4)     damages in a sum to be determined at the trial of this action, that will compensate Racanelli for the damages caused to them by reason of Defendants' misappropriation of Racanelli's trademark, trade name, reputation and distinctive identity; and

      5)     damages in a sum to be determined at the trial of this action, that will compensate Racanelli for the damages caused to them by reason of Defendants' deceptive trade practices, together with treble damages and attorney's fees pursuant to General Business Law § 349(h); and

      6)     for such other and further relief as to this Court may seem just and proper, together with a attorney's fees and the costs and disbursements of this action.

Dated: Uniondale, NY
       April 28, 2015

                                        _____
                                        Joseph P. Asselta, Esq.
                                        FORCHELLI, CURTO, DEEGAN,
                                        SCHWARTZ, MINEO & TERRANA, LLP
                                        Attorneys for Plaintiff,
                                        Racanelli Construction Co., Inc.
                                        333 Earle Ovington Blvd., Suite 1010
                                        Uniondale, NY 11553
                                        (516) 248-1700

STATE OF NEW YORK  )
                    ) ss:
COUNTY OF NASSAU    )

    Joseph P. Asselta, being duly sworn, deposes and says: that I am a member of the law firm of Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, attorneys for Racanelli Construction Co., Inc., the plaintiff in the within action; that I have read and know the contents of the foregoing complaint; and that the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief; and as to those matters, I believe them to be true.

    That the reason this verification is made by deponent and not by plaintiff, is that plaintiff is a corporation having offices in a county other than where deponent maintains his offices.  The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are:  The files and records relating to the subject matter of this action received from plaintiff.

                                                   _____
                                                 Joseph P. Asselta

Sworn to before me this
28th day of April, 2015

_____
Notary Public

RAYMOND ANTHONY CASTRONOVO
Notary Public, State of New York
No. 02CA6283035
Qualified in Suffolk County
Commission Expires May 28, 2017

16

*Index No.* _____          *Year 20* _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

RACANELLI CONSTRUCTION CO., INC.,

Plaintiff,

-against-

RACANELLI CONSTRUCTION GROUP INC. and RICHARD XIA,

Defendants.

SUMMONS AND COMPLAINT

Forchelli, Curto, Deegan,
Schwartz, Mineo *&* Terrana, LLP
Plaintiff

*Attorney(s) for* _____

The Omni
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
516-248-1700

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ........................................          Signature ...............................................................................

                                             Print Signer's Name.............................................................

*Service of a copy of the within*                                                                    *is hereby admitted.*

*Dated:*

................................................................................................

                                             *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐
NOTICE OF
ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*                    *20*

☐
NOTICE OF
SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                                      *, one of the judges of the within-named Court,*
*at*
*on*                          *20*    *, at*                    *M.*

*Dated:*

Forchelli, Curto, Deegan,
Schwartz, Mineo *&* Terrana, LLP

*Attorney(s) for*

*To:*

The Omni
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553

# EXHIBIT B

Case 1:15-cv-04279-DLC  Document 1  Filed 06/03/15  Page 24 of 28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------X
RACANELLI CONSTRUCTION, CO., INC.,                    Index No. 604507/2015

                Plaintiff(s),

    -against-

RACANELLI CONSTRUCTION GROUP,
INC. and RICHARD XIA,                                 **AFFIDAVIT OF SERVICE**

              Defendant(s).
-----------------------------------------------------X
STATE OF NEW YORK   )
               s.s :
COUNTY OF NEW YORK  )

      MICHAEL KEATING, being duly sworn, deposes and says that deponent is an
employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of
eighteen years and is not a party to the action.

      That on the 15th day of May, 2015, at approximately 11:23 a.m., deponent served a true
copy of the **Summons (endorsed with the index number and date of filing); Verified
Complaint and Notice Regarding Availability of Commencement of Electronic Filing
Supreme Court Cases** upon Racanelli Construction Group, Inc. at 136-20 38th Avenue, Suite
10-F, Flushing, New York 11354-4263 by personally delivering and leaving the same with Sara
Pan, who stated that she is authorized to accept service.

      Sara Pan is an olive-skinned Asian female, approximately 25-30 years of age, is
approximately 5 feet and 5 inches tall, weighs approximately 110 pounds, with long black hair
and brown eyes.

Sworn to before me this
19th day of May, 2015

                             MICHAEL KEATING #848345

NEIL P. PEDERSEN
**Notary Public, State of New York**
**No. 01-PE-6236258**
**Qualified in New York County**
**Commission Expires February 28, 2019**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------X

RACANELLI CONSTRUCTION, CO., INC.,         Index No. 604507/2015

                Plaintiff(s),

    -against-

RACANELLI CONSTRUCTION GROUP,
INC. and RICHARD XIA,            **AFFIDAVIT OF SERVICE**

               Defendant(s).
------------------------------------------------------X

STATE OF NEW YORK   )
              s.s :
COUNTY OF NEW YORK  )

      MICHAEL KEATING, being duly sworn, deposes and says that deponent is an employee of KEATING & WALKER ATTORNEY SERVICE, INC., is over the age of eighteen years and is not a party to the action.

      That on the 15th day of May, 2015, at approximately 11:23 a.m., deponent served a true copy of the **Summons (endorsed with the index number and date of filing); Verified Complaint and Notice Regarding Availability of Commencement of Electronic Filing Supreme Court Cases** upon Richard Xia c/o Racanelli Construction Group, Inc. at 136-20 38th Avenue, Suite 10-F, Flushing, New York 11354-4263 by personally delivering and leaving the same with Sara Pan, who is a person of suitable age and discretion, at that address, the actual place of business of the defendant. At the time of service deponent asked whether the defendant is in active military service for the United States or for the State in any capacity whatsoever or dependent upon such person and received a negative reply.

      Sara Pan is an olive-skinned Asian female, approximately 25-30 years of age, is approximately 5 feet and 5 inches tall, weighs approximately 110 pounds, with long black hair and brown eyes.

(1)

That on the 19th day of May, 2015 deponent served another copy of the foregoing upon the defendant by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL and CONFIDENTIAL" written on the same, and not indicating on the outside that it is from an attorney or concerns a legal matter, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York, addressed as follows:

**Richard Xia**
**c/o Racanelli Construction Group, Inc.**
**136-20 38th Avenue, Suite 10-F**
**Flushing, New York 11354-4263**

Sworn to before me this
19th day of May, 2015

MICHAEL KEATING #848345

NEIL P. PEDERSEN
**Notary Public, State of New York**
**No. 01-PE-6236258**
**Qualified in New York County**
**Commission Expires February 28, 2019**

(2)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

RACANELLI CONSTRUCTION CO., INC.,                    :
                                                     :
                              Plaintiff,             :
                                                     :         **AFFIRMATION OF SERVICE**
                      - against -                    :
                                                     :
RACANELLI CONSTRUCTION GROUP, INC.                   :
and RICHARD XIA,                                     :
                              Defendants.            :

------------------------------------------------------------------x

I, Michael J. Kapin, declare under penalty of perjury that on this day, I have served a copy of the attached Notice of Removal upon Joseph P. Asselta, Esq., Attorney for Plaintiff, whose address is 333 Earle Ovington Blvd., Suite 1010, Uniondale, New York 11553, by first class mail postage prepaid deposited in the care and custody of the United States Postal Service.

Affirmed:       June 3, 2015
                New York, New York

                                              _____
                                              MICHAEL J. KAPIN, ESQ.

SOUTHERN DISTRICT OF NEW YORK                              Docket No.              Year 2015

RACANELLI CONSTRUCTION CO., INC.,

                                        Plaintiff,

            - against -

RACANELLI CONSTRUCTION GROUP, INC. and RICHARD XIA,

                                        Defendants.

## NOTICE OF REMOVAL

**MICHAEL J. KAPIN, P.C.**
*Attorneys for Defendants*
305 Broadway, Suite 1004
New York, New York 10007
(212) 513-0500
Fax (866) 575-5019